IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2175-BO

| | |
|---|---|
| JUAN CABRERA-FLORES,<br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT ENNIS OATES,<br>Respondent. | )<br>)<br>)<br>)     O R D E R<br>)<br>)<br>) |

Juan Cabrera-Flores ("petitioner" or "Cabrera-Flores") petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a order filed June 23, 2013, the court dismissed this matter as untimely filed. D.E. 14. Petitioner now seeks reconsideration of that order. D.E. 16.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Cabrera has not cited any recent change in the controlling law, any newly discovered evidence, or any clear error that merits alteration of or amendment to the judgment. Specifically, Cabrera states that the court failed to address actual innocence, and

ineffective assistance of counsel at trial and appellate level. D.E. 16, p. 3. However, the basis of the claims arise from the use of a confidential informant, Paul Ward, at trial, not a claim of actual innocence or a claim of ineffective assistance at the time of the trial in examining the witness. The argument is meritless.

Alternatively, to the extent that Cabrera seeks relief under Federal Rule of Civil Procedure 60(b), his motion also fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice from setting aside the judgment. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Cabrera has failed to establish a meritorious claim or defense. Thus, Cabrera fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES Cabrera's motion [D.E. 16] and again DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). Having so determined, all other pending motions [D.E. 17, 18, and 19] are DENIED as MOOT. The case remains CLOSED.

SO ORDERED, this the 6 day of November 2013.

TERRENCE W. BOYLE
United States District Judge

2